# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| STEPHANIE ANN JACKSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. CIV-18-243-STE |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) denying Plaintiff's application for disability insurance benefits (DIB) under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

## I.     PROCEDURAL BACKGROUND

Plaintiff filed her application for DIB on April 21, 2011, alleging a disability beginning January 5, 2011. (TR. 37). Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following an administrative hearing, (TR. 54-94), an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 37-48). The Appeals

Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. See *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 5, 2011, her alleged disability onset date. (TR. 39). At step two, the ALJ determined Ms. Jackson had the following severe impairments: obesity; arthritis in both knees; and left foot stress fracture. (TR. 39). At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 44).

At step four, the ALJ assessed Ms. Jackson's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of sedentary work as defined in 20 CFR 404.1567(a). The claimant can lift/carry/push/pull less than 10 pounds frequently and 10 pounds occasionally; sit 6 hours in an [8-hour] work day; stand/walk about 2 hours in an [8-hour] work day; and occasionally climb stairs and ramps and stoop but never climb ladders, ropes or scaffolds, balance, kneel, crouch, or crawl.

(TR. 44). With this RFC, the ALJ concluded that Plaintiff was not capable of performing her past relevant work as a janitor, receptionist or sales representative. (TR. 46-47).

At step five, however, the ALJ relied on the testimony of a vocational expert (VE) who testified that Ms. Jackson had retained some transferable skills from her past relevant work including using a cash register to make change; minor record keeping; exchange of information and intake of information. (TR. 88). The VE also testified that Ms. Jackson could perform other jobs existing in significant numbers in the regional and national economies

including Credit Card Clerk; Check Cashier; Sorter; Order Clerk of Food and Beverage; Call Out Operator; and Final Assembler of Optical Goods—all sedentary semi-skilled or unskilled jobs. (TR. 47-48). The ALJ determined the VE's description of these jobs was consistent with the information in the Dictionary of Occupational Titles and determined Ms. Jackson had not been disabled, within the meaning of the Social Security Act, at any time from the alleged onset date through the date of the unfavorable decision. (TR. 48).

### III. ISSUES PRESENTED

On appeal, Ms. Jackson alleges the ALJ committed legal error in that: (1) the RFC determination is not supported by substantial evidence in the record because the ALJ considered only the portions of medical opinions that supported her RFC determination; and (2) the ALJ erred in assessing Ms. Jackson's credibility.[1]

### IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). The United States Supreme Court has recently reiterated the definition of "substantial evidence." Substantial evidence "means—and means only—such relevant evidence as a reasonable

---

[1] On the date of the ALJ's decision, Social Security Ruling (SSR) 96-7p (*Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*) was in effect. SSR 96-7p was superseded by SSR 16-3p (*Evaluation of Symptoms in Disability Claims*) which is applicable to cases decided after March 28, 2016. On October 25, 2017, the SSA republished SSR 16-3p in its entirety to clarify, among other things, that when a Federal court reviews the Commissioner's final decision of a claim, the court must review the final decision using the rules that were in effect at the time the decision under review was rendered. If a court remands a claim for further proceedings after the applicable date of the ruling (March 28, 2016), the SSA will apply SSR 16-3p to the entire period under review.

mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019) (internal quotation and citations omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. ANALYSIS

### A. Consideration of Medical Evidence

After a thorough recitation of the medical evidence, Ms. Jackson asserts the ALJ's unfavorable decision is not supported by substantial evidence in the record as a whole. Specifically, Ms. Jackson contends the ALJ failed to consider the entirety of the opinion evidence and impermissibly chose to discuss only the sections of the opinion evidence that supported the RFC. "It is the ALJ's duty to give consideration to all the medical opinions in the record. He must also discuss the weight he assigns to such opinions." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012).

Dr. John B. Hughes, D.O., evaluated Ms. Jackson's physical impairments in relation to her then-pending workers' compensation claim[2] on November 21, 2012. (TR. 497-499).

---

[2] The Court recognizes that "a determination made by another agency [e.g., Workers' Compensation, the Department of Veterans Affairs, or an insurance company] that [a claimant is] disabled or blind is not binding on [the SSA]." Nevertheless, the Commissioner is "required to evaluate all the evidence in the case record that may have a bearing on [the] determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 C.F.R. 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." *See* SSR 06-03p (*Considering Opinions & Other Evidence from Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental & Nongovernmental Agencies*) at *6 (SSA Aug. 9, 2006).

The ALJ acknowledged Dr. Hughes' opinion and purported to afford it "great weight . . . for purposes of establishing the nature and severity of the claimant's impairments and her functional abilities." (TR. 43). But Ms. Jackson contends the ALJ chose to rely upon only the portions of Dr. Hughes' opinion that support her RFC formulation. (ECF No. 19:18-20). The Court agrees.

The ALJ directly quoted Dr. Hughes' opinion stating Ms. Jackson "doesn't have much in the way of clear-cut ailments." (TR. 42). But then, the ALJ parroted Dr. Hughes' report (TR. 42-43), in which he listed numerous pain-producing orthopedic problems, without assessing the import of the remainder of Dr. Hughes' opinion:

> Really, from an orthopedic standpoint, she has a multitude of orthopedic problems. They could, of course, be worked on one at a time and obviously, the lack of insurance creates a major problem for her. I think, probably, the first thing she is going to face would be considering total knee arthroplasty, probably bilateral, because her knees are already probably bad enough to consider reconstructive surgery. I think they are way too far gone to think about scope work or that type of thing, which would be counterproductive for her.
>
> [T]here are other areas that could be assessed in the future, but I think her lower extremities are her main problem right now.
>
> . . .
>
> [W]ith the type of problems she has, it would be difficult for her to drive and get to and from a job, because of her disability.

(TR. 499).

The ALJ was not required to give "great weight" to Dr. Hughes' opinion. Having done so, however, the ALJ committed legal error by ignoring the portions of Dr. Hughes' opinion that ran counter to her RFC formulation. The case law is clear on this point: an ALJ may not "pick and choose among medical reports, using portions of evidence favorable to [her]

position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004). The ALJ erred in rejecting portions of Dr. Hughes' opinion without providing any explanation for doing so, and this error affected both her evaluation of Ms. Jackson's subjective complaints of pain and her evaluation of Ms. Jackson's credibility. *See Winfrey v. Chater*, 92 F.3d 1017, 1021 (10th Cir. 1996). Because the ALJ erred in her consideration of Dr. Hughes' medical opinion, the decision of the ALJ is reversed and remanded. On remand, the ALJ should consider Dr. Hughes' opinion as a whole, and then reassess, under current regulations, whether Ms. Jackson's complaints of pain are consistent with the record.

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Commissioner's decision is **REVERSED AND REMANDED** for further administrative proceedings.

ENTERED on June 7, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE